**WIDE RUINS COMMUNITY SCHOOL, INC., Plaintiff,**

v.

**Dr. Lula Mae STAGO, et al., Defendants,**

**WIDE RUINS COMMUNITY SCHOOL, INC., et al., Plaintiffs,**

v.

**Loretta CHEE, et al., Defendants.**

**No. 02–CV–1958.**

United States District Court, D. Arizona.

April 22, 2003.

Michael H. Hinson, Esq., Howard Lawrence Brown, Mangum, Wall, Stoops & Warden, PLLC, Flagstaff, AZ, for Plaintiff.

Norma Louise Classen, DNA–People's Legal Services, Inc., Flagstaff, AZ, Anna–Marie Johnson, DNA–People's Legal Services, Inc., Window Rock, AZ, Veronika Fabian, Choi, Rhee & Fabian, PLC, Tempe, AZ, Britt E. Clapham, II, Esq., Donovan Duane Brown, Sr., Dana Lee Bobroff, Beverly Ann Ohline, John Anthony Kern, Navajo Nation Department of Justice, Window Rock, AZ, for Defendants.

Richard Glenn Patrick, Esq., US Attorney's Office, Phoenix, AZ, for Movant.

## ORDER

MARTONE, District Judge.

The court has before it Wide Ruins' motion for summary judgment (doc. 3), Stago's motion to dismiss (doc. 5), the Navajo defendants' motion to dismiss (doc. 29), and Stago's motion for summary judgment (doc. 53).

On February 26, 2003, we consolidated the Chee case with the Stago case and invited the parties to propose a briefing schedule for the Chee case (doc. 61). They chose not to do so and on April 21, 2003 this court granted the plaintiffs' motion for entry of default judgment in the Chee case (doc. 67). Because of the common legal issue, we deferred ruling on the nature of the judgment that would be entered in the Chee case until we ruled in the Stago case.

The common issue in each of the cases is whether the employment related claims of the real parties in interest against the Wide Ruins Community School, a tribal corporation, lie within the Navajo legal system or in the United States District Court. The real parties in interest are members of the Navajo Tribe and their claims against their employer, a tribal corporation, arise under tribal and not federal law. Thus, on the face of it, one would expect that a claim arising under tribal law, brought by a member of the Tribe against a member of the Tribe would lie in tribal court. This is not a case in which non-Indians are parties. Plaintiff, however, argues that a federal statute requires these particular claims to be brought in the district court.

I.

The Wide Ruins Community School was a BIA school until it was converted to a tribal school under 25 U.S.C. § 2501 *et seq.* Stago was the principal of the school when it was a BIA school. The school chose not to hire her as the executive director after conversion. She filed a charge against the school with the Office of Navajo Labor Relations alleging a violation of the Navajo Preference in Employment Act, contained in the Navajo Tribal Code. She then filed a complaint with the Navajo Nation Labor Commission which found in favor of Stago and against the school in the sum of $36,333.47. The school appealed to the Navajo Supreme Court arguing that tribal jurisdiction was divested by Public Law 101–512, § 314, 104 Stat.1959 (codified at 25 U.S.C. § 450f, Historical and Statutory Notes), hereinafter referred to as Public Law 101–512. The Navajo Supreme Court first agreed with the school and held Public Law 101–512 divested its courts of jurisdiction over the claim. On reconsideration, however, the Navajo Supreme Court reversed itself and held that the Navajo

courts did have jurisdiction. Having exhausted tribal remedies, the school brought this action here. Plaintiff's complaint arises under federal law (it claims immunity from tribal jurisdiction based on a federal statute), and therefore we have jurisdiction under 28 U.S.C. § 1331.

## II.

Public Law 101–512 provides in relevant part as follows:

> With respect to claims resulting from the performance of functions ... under a contract ... authorized by the Indian Self–Determination and Education Assistance Act of 1975 ... or by ... Tribally Controlled School Grants of the Hawkins–Stafford Elementary and Secondary School Improvement Amendment of 1988 ... an Indian tribe, tribal organization, or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior ... while carrying out any such contract or agreement and its employees are deemed employees of the Bureau ... while acting within the scope of their employment in carrying out the contract or agreement: *Provided,* That ... any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act.

The school argues, therefore, that this statute preserves intact the legal regime that existed for the school when it was under BIA control. Thus, whatever claims could have been made against the school when it was a BIA school could still be made against the United States. A corollary of this argument is that whatever claims could not have been made against the school when it was a BIA school cannot be made against the school now that it is a tribal school.

Building on this argument, the school contends that Stago's employment related claim under the Navajo Tribal Code cannot be brought against it in the Navajo courts. Instead, no such claim exists because the Bureau of Indian Affairs and the United States are not subject to the Navajo Tribal Code. The school reaches this conclusion by emphasizing the language "any civil action" in Public Law 101–512. The school further argues that any civil action shall be deemed an action against the United States and must be brought in the United States District Court under the Federal Tort Claims Act. But since no claim against the United States under the Navajo Tribal Code lies, any such claim brought in the United States District Court would be subject to dismissal.

Stago, on the other hand, argues that the school's reading of Public Law 101–512 is inconsistent with the language of the statute taken as a whole, its legislative history, and the whole idea of converting BIA schools to tribal schools. Stago argues that while the word "any" is admittedly broad, it must be read in the context of the remaining language of the statute which provides that "any" civil action "be afforded the full protection and coverage of the Federal Tort Claims Act." The only claims that can be afforded the full protection and coverage of the Federal Tort Claims Act are claims that are otherwise within the scope of the Federal Tort Claims Act. Because claims by a member of the Tribe against a tribal corporation arise under the Navajo Tribal Code, they are not claims within the scope of the Federal Tort Claims Act. Because they are not within the scope of the Federal Tort Claims Act, they cannot be afforded the full protection of the Act. And because

they cannot be afforded the full protection of the Act, they cannot be the basis of any civil action within the meaning of Public Law 101–512.

The parties have thoroughly briefed this issue in their cross-motions for summary judgment. The United States has filed an *Amicus* brief in support of Stago's position and reminds us that these are no longer federal schools but tribal schools. It argues that all Congress ever intended to do was relieve tribes of the financial obligation of buying liability insurance for tort claims. All parties concede that there is no case directly in point.

### III.

The statute is poorly constructed but we believe Stago has the better reading for the following reasons. First, the meaning of the statute cannot be divined from its plain language. While the school asks us to focus on the word "any" we cannot do so. The word must be read in the context of the remainder of the statute in order to attribute any sense to it. In context, "any civil action" is modified by the words "be afforded the full protection and coverage of the Federal Tort Claims Act." Thus, tort claims that existed against the school when it was a BIA school will still exist against the United States under the Federal Tort Claims Act even though it is no longer a BIA school. But this is all the statute addresses. If it were construed to address anything else, the statute would lend itself to all sorts of complex and mischievous results. One could argue that "any" included contract claims, and thus the United States would not be subject to the protection of the Tucker Act. In the alternative, one might argue that contract claims are within the scope of the statute, but there is no waiver of federal sovereign immunity and thus no contract with the tribal school would be enforceable. The list could go on but the arguments lead to absurd consequences. The only reading of this statute that leads to a non-absurd result is the one that holds that tort actions that were available against the school when it was a BIA school are still available against the United States. In all other respects, the school is a tribal school fully subject to tribal law. If the Tribe wants to make it immune, it may. If the Tribe wants to subject it to claims such as those urged here, it may. But the only federal obligation after conversion is for claims that are otherwise within the scope of the Federal Tort Claims Act.

Because Stago's claim is not a claim otherwise cognizable under the Federal Tort Claims Act, she has no claim against the United States. IT IS THEREFORE ORDERED DENYING Wide Ruins' motion for summary judgment (doc. 3) and GRANTING Stago's motion for summary judgment (doc. 53). We FURTHER DENY Stago's motion to dismiss (doc. 5), and the Navajo defendants' motion to dismiss (doc. 29) on grounds of mootness.

### IV.

Turning now to the consolidated Chee case, we note that the only pending matter is plaintiffs' motion for preliminary injunction. In our order of April 21, 2003 (doc. 67) we deferred entry of judgment in the Chee case until after we had ruled in the Stago case. The Chee defendants have defaulted, and yet in the Stago case, we have ruled against Wide Ruins Community School on the major issue that separated the parties. We make the following rulings, fully consistent with the Stago case, with respect to the Chee case. To the extent that the Chee defendants assert claims under Navajo law against tribal schools, such claims lie in tribal institutions and not this court. To the extent that the Chee defendants make claims against tribal schools for causes of action that would otherwise have been within the

scope of the Federal Tort Claims Act, the claims should be against the United States and must be made in this court. We cannot tell from the record the nature of the underlying claims. Accordingly, this order will constitute a declaratory judgment in the Chee action. We DENY plaintiffs' motion for preliminary injunction in the Chee case (doc. 2) as moot.

All claims in both of these cases having been resolved, the clerk is directed to enter final judgment.